PER CURIAM.
This unauthorized practice of law proceeding is before us on the complaint of The Florida Bar, joint stipulation of the parties, and report of the referee recommending approval of the stipulation. We approve the joint stipulation and the order of the referee approving the stipulation.
In his report, the referee concluded that respondent had been engaged in the unauthorized practice of law through his actions. The joint stipulation states:
7. The Respondent further stipulates that at all times material herein he was not and is not a member of THE FLORIDA BAR and was not therefore licensed to engage in the practice of law in the State of Florida.
8. The Respondent further stipulates that at all times material herein he held *1281 himself out as an attorney authorized to practice in the State of Florida; undertook representation of individuals as their attorney, when in truth and fact he was not licensed to practice in the State of Florida.
9. Respondent further stipulates that:
A. On or about November 12, 1983, he undertook to represent Joyce Terry as her attorney in a domestic dispute involving a minor child. Respondent received $450.00 in fees on this matter.
B. On or about June 10, 1983, Respondent entered an appearance as attorney of record for Blaise A. Sava, Defendant in the case of State of Florida v. Blaise A. Sava, Case Number 83-25711 PT40 in Broward County Circuit Court.
C. On or about December 1, 1983, Respondent entered his appearance as attorney of record in the case of State of Florida v. Joseph Santangini, Case Number 83-8746 CF in Broward County Circuit Court.
D. On or about October 13, 1983, Respondent filed a Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Civil Action 83-21747, captioned Morton R. Shankman, Plaintiff v. Harvey Zivitz, Dorothy Zivitz, Century 21 Best Realty, Inc. and Roy Marcus, Defendants, signed Asher & Shankman, Attorneys for Plaintiffs, 3590 South State Road 7, Suite 14, Miramar, Florida 33023, phone 966-2991, by Morton R. Shankman.
E. Respondent stipulates at all times material herein he was not in legal partnership with Melvin J. Asher, Esquire, 1850 Southwest Eighth Street, Miami, Florida, nor was there a firm known as Asher & Shankman in Miramar, Florida.
F. On or about April 25, 1984, Respondent was found guilty of one count of engaging in the unauthorized practice of law, by and in the Circuit Court, Seventeenth Judicial Circuit of Florida in and for Broward County, State of Florida. The Honorable J. Leonard Fleet, 17th Circuit Court Judge, placed Respondent on probation for one year, fine of $1,000.00, and eight hours per week community service for one year, and costs of $87.00.
The referee’s order provides:
3. Respondent agrees to be permanently restrained and enjoined from the unauthorized practice of law in Florida unless and until Respondent becomes a member of the State Bar of Florida. In the event Respondent engaged in any conduct enjoined herein, he will be found in indirect criminal contempt of the Supreme Court of Florida for the unauthorized practice of law in this State.
4. Nothing contained herein shall preclude Respondent from employment as a non-lawyer with an attorney provided he does not engage in the activities enjoined herein or otherwise engage in the unauthorized practice of law.
5. The Respondent is relieved from paying the costs of this proceeding, in that Petitioner has incurred negligible costs in this case.
We approve the referee’s report and therefore permanently enjoin respondent from engaging in the unauthorized practice of law in the state of Florida. In the event respondent engages in any conduct enjoined herein and has not been duly licensed to practice law in this state, respondent will be found in indirect criminal contempt of the Supreme Court of Florida for the unauthorized practice of law in this state.
The parties to this action will each bear their own costs.
It is so ordered.
ADKINS, Acting C.J., and ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.